UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| H LODGE LLC, a Washington limited liability company, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin company,<br><br>Defendant. | No. 3:21-cv-5184<br><br>CLASS ACTION ALLEGATION COMPLAINT<br><br>**JURY DEMAND** |

Plaintiff on behalf of itself and others similarly situated, by its undersigned counsel, alleges the following upon personal knowledge as to its own acts, and upon information and belief as to all other matters. Plaintiff's information and belief are based upon an investigation conducted by counsel.

**INTRODUCTION**

1. This is a civil action to recover damages for Washington businesses caused by Defendant Liberty Mutual Fire Insurance Company's ("Liberty" or "Defendant") refusal to provide coverage for damages and losses sustained by Washington businesses as a result of governmental orders that have either closed or significantly limited the operations of those

COMPLAINT – Page 1
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Washington businesses. Contrary to the coverage provisions in their insurance policies, and in violation of Washington law, Defendant has universally denied coverage to Plaintiff and members of the Classes and has refused to honor the contractual obligations Defendant has under the policies.

## THE PARTIES

2.1   Plaintiff H LODGE LLC owns and operates a hotel commonly known as Heathman Lodge and a restaurant commonly known as Hudson's Bar & Grill located at 7801 NE Greenwood Drive, Vancouver, Washington 98662.

2.2   Defendant is a Wisconsin insurance company having its principal place of business in Boston, Massachusetts. Defendant was licensed to issue, and did issue, the insurance policy at issue in this litigation.

## JURISDICTION AND VENUE

3.1   The Court has personal jurisdiction over Defendant because it advertised, marketed, sold, and distributed the policies of insurance in Washington to Washington consumers, including the policy of insurance purchased by Plaintiff.

3.2   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the proposed Class are citizens of different states than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.3   Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Washington, Defendant conducted substantial business here, solicited substantial business here, and received substantial payments here.

COMPLAINT – Page 2
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

# FACTS

4.1   The insurance was obtained to protect Plaintiff's business and its business income, among other things. Liberty issued to Plaintiff an "all risk" insurance policy effective at all relevant times alleged in this complaint (the "Policy").

4.2   Plaintiff paid, and Defendant accepted, all premiums as they became due.

4.3   The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.

4.4   The Policy promises to pay Plaintiff for all risks of direct physical loss or damage to covered property, and includes, among others, Business Income coverage and Extra Expense coverage.

4.5   In or about January 2020, the United States of America saw its first cases of people infected with COVID-19.

4.6   Beginning in March 2020, Plaintiff was forced to suspend, in whole or in part, its business operations due to certain orders and directives issued by Washington Governor Jay Inslee and local civil authorities which, among other things, restricted access to and operation of Plaintiff's business, limited groups of people, curtailed travel, and generally limited commercial activity, each and all of which caused Plaintiff to suffer loss or damage (the "Orders").

4.6   As a direct result of the Orders, Plaintiff was unable to operate its businesses, in whole or in part, while the Orders remained in effect. In addition, and due to the geographical breadth of the Orders, access to premises other than Plaintiff's were also prohibited and limited, resulting in loss or damage to those premises as well. When Plaintiff and other similarly situated businesses were permitted to re-open, they could only do so with significant alterations to their premises and business models at great cost, including, among other things, loss of use of space, installation of barriers, increased cleaning and sanitation protocols, changing business hours and employee hours, decreased customer traffic, and generally more expensive operations in order to comply with the Orders.

COMPLAINT – Page 3
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

4.7    As a result, Plaintiff's business property cannot be used for its intended purposes and its business activities have necessarily been suspended or interrupted.

4.8    Plaintiff sustained direct physical loss or damage caused by the Orders.

4.9    The direct, predominant, and efficient cause of Plaintiff's direct physical loss or damage is the Orders.

4.10   Plaintiff has and will continue to sustain direct physical loss or damage covered by the Policy, including, among other coverages, Business Income and Extra Expense.

4.11   Plaintiff tendered a claim under the Policy to Defendant for the loss and/or damage outlined herein.

4.12   The Policy initially premises coverage upon the trigger of "direct physical loss or damage." Throughout the Policy, the terms "loss" or "damage" refer to different concepts, yet sometimes uses such terms interchangeably. For example, when referring to economic harm, the Policy refers to such harm as "loss", including when referring to Business Income, where, as described below, Liberty promises to "pay for the actual loss of **business income**[1]" incurred by Plaintiff. In other sections, however, when referring to material harm, the Policy refers to such harm as "damage", including in the definition of "accident," which in turn is defined, in part, as "a sudden, fortuitous event that causes direct physical damage to an object(s)[.]" Throughout the policy, the terms "loss" or "damage" are used to describe Liberty's coverage obligations, and often refer to distinct harms: that is, economic loss and material, physical damage. Yet sometimes the Policy seemingly uses these terms interchangeably. However, when only referring to material, physical damage, the Policy does so by utilizing the terminology "physical damage" or "direct physical damage."

4.13   The Policy promises that Liberty will provide in excess of $45 million in Business Income coverage for "actual loss of **business income you** incur during a **period of restoration**

---

[1] Bold terms appear as they do in the Policy and mean that they are specifically defined in the Policy.

COMPLAINT – Page 4
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

directly resulting from damage by a **peril insured against** to the type of property covered by this policy at a **covered location**." It goes on to provide that the term "**Perils insured against**" means "causes of loss for which this policy provides coverage." And then it further defines "**Covered loss**" as a "loss to **covered property** at a **covered location** resulting from a **peril insured against**." The Policy does not condition Business Income coverage upon "physical damage" or "direct physical damage." Instead, the Policy conditions Business Income coverage upon "loss." The Plaintiff's "loss of **business income**" was directly, efficiently, and proximately caused by the Orders, which resulted in the economic loss and material, physical damage discussed in this Complaint.

4.14   The Policy also provides an Extension of Coverage that is captioned "Extended **Period of Restoration**," which extends Business Income coverage for an extra sixty days. This extension of coverage is provided to cover "a reduction is sales, earnings or rental income that directly results from direct physical loss or damage to **your covered property** by a **peril insured against**, for the additional time required, when **you** use reasonable speed, to restore **your** business to the condition it would have been if no loss had occurred."  This extension of Business Income coverage is not exclusively triggered by "physical damage" or "direct physical damage." Instead, the Policy consistently refers to "loss" as a trigger of coverage. Although it refers to "direct physical loss," that term must be interpreted to refer to economic harm in light of its similar treatment throughout the Policy. Additional support for this treatment is found within the Extension of Coverage, which further states that the "Extended **Period of Restoration**" coverage will not be provided if the Plaintiff either "elect[s] not to [ ] repair or replace [its] **covered property**" (here, referring to material, physical damage, i.e. "direct damage" or "direct physical damage") or "elect[s] not to … resume the operation of [its] business" (here, referring to economic harm, i.e., "loss"). The Plaintiff suffered a reduction in sales, earnings, and rental income (that is, a "loss") that was directly, efficiently, and proximately caused by the Orders.

COMPLAINT – Page 5
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

4.15  The Policy further promises that Liberty will provide Extra Expense coverage for the Policyholder's "actual **extra expense you** incur during a **period of restoration** directly resulting from damage by a **peril insured against** to the type of property covered by this policy at a **covered location**." The Policy utilizes the same definitions as discussed above concerning Business Income coverage. Again, coverage for Extra Expense is not conditioned upon "physical damage" or "direct physical damage." Instead, the Policy conditions Extra Expense coverage upon "loss."  The Plaintiff's Extra Expenses were directly, efficiently, and proximately caused by the Orders, which resulted in the economic loss and material, physical damage discussed in this Complaint.

4.16  Despite the promised coverages set forth above, among others, Defendant cursorily denied Plaintiff's claim for coverage under the Policy.

4.17  Despite the Policy language and the coverage it promises, Defendant refuses to acknowledge that "loss" and "damage" refer to distinct harms, resulting in additional protection for Plaintiff's loss and damage directly, efficiently, and proximately caused by the Orders.

4.18  As a result of the above, Plaintiff has experienced and will continue to experience loss or damage covered by the Policy, and continued harm naturally and foreseeably occurring as a result of Defendant's refusal to accept coverage and pay for Plaintiff's covered loss and damage.

4.19  Upon information and belief, Defendant denied coverage for other similarly situated policyholders.

**CLASS ACTION ALLEGATIONS**

5.1  This matter is brough by Plaintiff on behalf of itself and those businesses similarly situated under Federal Rules of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rules of Civil Procedure 23.

COMPLAINT – Page 6
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

5.2  As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Direct Physical Loss or Damage Class") of:

> All persons and entities in the state of Washington insured under a policy issued or underwritten by Defendant providing all risk coverage for direct physical loss or damage to covered property that sustained direct physical loss or damage to its business as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

5.3  As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Business Interruption Coverage Class") of:

> All persons and entities in the state of Washington insured under a policy issued or underwritten by Defendant with Business Interruption coverage whose business activities were actually and necessarily suspended or interrupted as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

5.4  As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Extra Expenses Coverage Class") of:

> All persons and entities in the state of Washington insured under a policy issued or underwritten by Defendant with Extra Expense coverage that incurred expenses while seeking to minimize the suspension of business at the covered premises as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

5.5  Excluded from each Class are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors or assigns; the judicial officers and associated court staff assigned to this case; the immediate family members of such officers and staff; governmental entities; and Class Counsel and their employees. Plaintiff reserves the right to amend the Class definition based on information obtained during discovery.

COMPLAINT – Page 7
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

5.6 **Numerosity.** The members of the Class are so numerous that joinder of all members is impractical. Upon information and belief, the number of members in the proposed Class is in the hundreds, if not thousands. The precise number of Class members will be ascertained through discovery, which will include Defendant's record of policyholders. Class members may be notified of the pendency of this action by recognized, Court-approved dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

5.7 **Commonality.** There are many questions of law and fact common to Plaintiff and Class Members. These common questions of law and fact include, but are not limited to:

5.7.1 Whether the Class members suffered loss or damage under insurance policies issued to members of the Class.

5.7.2 Whether Defendant wrongfully denied claims for coverage related to loss or damages based on the facts set forth herein.

5.7.3 Whether Defendant's Business Income coverage applies based on the facts set forth herein.

5.7.4 Whether Defendant's Extra Expense coverage applies based on the facts set forth herein.

5.7.5 Whether Defendant breached its insurance policies through a uniform and blanket denial of claims for loss or damage under the circumstances alleged herein.

5.7.6 Whether Plaintiff and the members of the proposed Class have suffered damages as a result of Defendant's actions.

5.7.7 Whether Plaintiff and the members of the proposed Class are entitled to equitable or declaratory relief because of Defendant's conduct and, if so, the nature of such relief.

COMPLAINT – Page 8
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

    5.7.8    Whether Plaintiff and the members of the proposed Class are entitled to an award of reasonable attorneys' fees, interests, and costs.

5.8   **Typicality.**  Plaintiff's claims are typical of the claims of the members of the proposed Class and arise from the same course of conduct by Defendant. Plaintiff and the members of the proposed Class are all similarly affected by Defendant's refusal to pay under their property insurance policies. Plaintiff's claims are based upon the same legal theories as those of other class members. Plaintiff and the other Class members have sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged. The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

5.9   **Adequacy.**  Plaintiff will fully and adequately assert and protect the interests of the proposed Classes and has retained Class counsel who are experienced and qualified in prosecuting Class Actions and have the financial resources to do so. Neither Plaintiff nor its attorneys have any interest contrary to or in conflict with the Class.

5.10  **Risk of Inconsistent or Varying Adjudications and Impairment to Washington Class Members' Interests.**  Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of coverage available under Defendant's insurance policies, which is common to all members of the proposed Class. The prosecution of separate actions by individual members of the Class would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent Class members to protect their interests. Consequently, the proposed Class satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(1).

5.11  **Declaratory and Injunctive Relief.**  Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed Class making declaratory relief appropriate on a Class-wide basis. The Class members' claims all derive directly from Defendant's systematic and uniform refusal to pay policyholders for any loss or damage suffered

COMPLAINT – Page 9
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

as the direct, efficient, and proximate cause of the Orders. Defendant's actions or refusal to act are grounded upon the same generally applicable legal theories. Plaintiff and Class members are entitled to a declaration regarding their rights and obligations under such agreements, including whether Defendant is obligated to pay claims under the Policy and similar policies based on the facts and circumstances alleged above and the "all risk" nature of such insurance policies and whether the claims at issue constituted covered causes of loss or damage. Consequently, the proposed Class also satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(2).

      5.12  **Superiority.**  A class action is superior to all other available methods of fair and efficient adjudication of this lawsuit.  While the aggregate damages sustained by the members of the proposed Class are likely to be in the millions of dollars, the individual damages incurred by each Class member may be too small to warrant the expense of individual lawsuits.  Individual litigation creates the risk of inconsistent and/or contradictory decisions and the Court system would be unduly burdened by individual litigation of such cases.  A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single Court. The common questions of law and of fact regarding Defendant's conduct and the interpretation of the common language in their property insurance policies predominate over any questions affecting only individual Class members. Compared to the expense, burden, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives. Consequently, the proposed Class also satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(3).

      5.13  Plaintiff and other members of the proposed Class have suffered damages as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, Defendant will retain substantial funds received as a result of its wrongdoing, and such unlawful and improper conduct

COMPLAINT – Page 10
No. 3:21-cv-5184

Foreman Sturm & Thede, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

shall, in large measure, not go remedied. Absent a class action, the members of the proposed Class will not be able to effectively litigate these claims and will suffer further losses, as Defendant will be allowed to continue such conduct with impunity and retain the proceeds of its ill-gotten gains.

5.14  Particularly as to the interpretation of the uniform provisions of the Policy set forth above, certification may also be appropriate with respect each particular issue under Federal Rule of Civil Procedure 23(c). Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

6.1  Plaintiff incorporates the preceding paragraphs as if fully stated herein.

6.2  There is an actual and justiciable dispute regarding whether Plaintiff and the members of the Classes are entitled to coverage under Defendant's insurance policy for the loss or damage described herein.

6.3  **Direct Physical Loss or Damages.** Plaintiff and members of the Classes are entitled to a declaration as follows:

    6.3.1  Plaintiff and members of the Classes suffered "direct physical loss or damage" as defined by Defendant's insurance policy; and

    6.3.2  The Orders were the direct, predominant, and efficient cause of the "direct physical loss or damage" suffered by Plaintiff and members of the Class.

6.4  **Business Interruption.** Plaintiff and members of the Classes are entitled to a declaration as follows:

    6.4.1  The damages sustained by Plaintiff and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for business interruption;

COMPLAINT – Page 11
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

6.4.2 No exclusion under Defendant's policies apply to bar or limit coverage for Plaintiff's and the members of the Classes' claims;

6.4.3 Plaintiff and members of the Class incurred, as provided in the terms of Defendant's insurance policy:

6.4.3.1 actual loss of business income;

6.4.3.2 during the period of restoration;

6.4.3.3 directly caused by damage to property at the insured premises by a peril insured against;

6.4.3.4 necessary expenses in excess of normal operating expenses that reduced their loss of business income;

6.4.3.5 the actual loss of business income when they were denied access to insured premises by order of civil authority and the order resulted from a covered loss and /or resulted from damage by a peril insured against to the type of property covered by the Policy within one statute mile of insured premises,

6.4.3.6 incurred actual loss of business income because ingress or egress from insured premises were prevented as the direct result of a peril insured against to the type of property covered by the Policy within one state mile of insured premises under the terms of Defendant's insurance policy.

6.5 **Extra Expense.** Plaintiff and members of the Classes are entitled to a declaration as follows:

6.5.1 The damages sustained by Plaintiff and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for extra expense;

COMPLAINT – Page 12
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

   6.5.2 No exclusion under Defendant's policies apply to bar or limit coverage for Plaintiff's and the members of the Classes' claims;

   6.5.3 Plaintiff and members of the Class incurred, as provided in the terms of Defendant's insurance policy:

    6.5.3.1 extra expenses;

    6.5.3.2  during the period of restoration;

    6.5.3.3  directly resulting from damage by a peril insured against at insured premises,

    6.5.3.4 actual extra expenses when they were denied access to insured premises by order of civil authority and the order resulted from a covered loss or results from damage by a peril insured against to the type of property covered by the Policy within one statute mile of insured premises.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

7.1 Plaintiff incorporates the preceding paragraphs as though fully stated herein.

7.2 Defendant incorrectly denied coverage for Plaintiff's claim for the loss or damage described more fully above.

7.3 Upon information and belief, Defendant incorrectly denied coverage for similarly situated policyholders' claims, who are members of the Classes, on the same grounds as Defendant incorrectly denied coverage for Plaintiff's claim for loss or damage.

7.4 Defendant's denials of coverage constitute a breach of the Policy.

7.5 Plaintiff and members of the Classes have suffered harm, in an amount to be proven at the time of trial, because of Defendant's incorrect denial of their claims.

## <u>JURY DEMAND</u>

8. Plaintiff and members of the Class demand a jury on all issues so triable.

COMPLAINT – Page 13
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant and the following relief:

1. An order certifying this matter as a Class Action under Fed. R. Civ. P. 23.

2. On the First Claim for Relief, a declaration that Plaintiff and members of the proposed class are entitled to coverage under the Policy for the loss and/or damage described herein.

3. On the Second Claim for Relief, damages in an amount proven at the time of trial.

4. Pre- and post-judgment interest at the maximum legal rate.

5. Attorney fees, costs, and disbursements pursuant to *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 679 (1991).

6. Such other relief as the Court deems just and proper.

DATED this 16th day of March, 2021

**FOREMAN STURM & THEDE LLP**

By: */s/ Kyle A. Sturm*
    **Kyle A. Sturm,** *pro hac vice pending*
    kyle.sturm@foremansturm.com

By: */s/ Nicholas A. Thede*
    **Nicholas A. Thede, WSBA NO. 43765**
    nick.thede@foremansturm.com

**NICK KAHL LLC**

By: */s/ Nicholas A. Kahl*
    **Nicholas A. Kahl,** *pro hac vice pending*
    nick@nickkahl.com

**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB LLC**

By: */s/ Craig Lowell*
    **Craig Lowll,** *pro hac vice pending*
    clowell@wigginschilds.com

Attorneys for Plaintiff

COMPLAINT – Page 14
No. 3:21-cv-5184

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824