UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| H LODGE LLC, | CASE NO. C21-5184 BHS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STAY |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff H Lodge LLC's Motion to Stay. Dkt. 39. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and grants the motion for the reasons stated below.

**I. BACKGROUND**

H Lodge operates a hotel and restaurant in Vancouver, Washington. Dkt. 21 at 9. During the COVID-19 pandemic, Governor Inslee issued several emergency proclamations that mandated business closures across the state. Dkt. 1, ¶ 4.6. As a result, H Lodge was forced to suspend its business operations. *Id.* When permitted to reopen, H

1 | Lodge had to make changes to its business practices and to its premises to accommodate
2 | new regulations related to COVID-19. *Id.*

3 |       H Lodge has an "all-risk" insurance policy from Defendant Liberty Mutual Fire
4 | Insurance Company which covers "risks of direct physical loss or damage to covered
5 | property . . . unless excluded." Dkt. 32 at 6; Dkt. 21-1 at 1. One exclusion is "[t]he actual
6 | or suspected presence or threat of any virus . . . ." Dkt. 21-1 at 3. Another exclusion is for
7 | "[a]cts or decisions . . . of any governmental employee, agent, group, organization,
8 | agency, or body." *Id.* at 4.

9 |       H Lodge filed a putative class action against Liberty Mutual in March 2021,
10 | arguing that it, and similarly situated businesses, suffered "direct physical loss and
11 | damage" and "business interruption" losses under its insurance policy and that it is
12 | entitled to coverage for those losses along with related extra expenses. Dkt. 1, ¶¶ 6.1–6.5.
13 | H Lodge also argues that Liberty Mutual breached their contract. *Id.* ¶¶ 7.1–7.5. H Lodge
14 | seeks class certification, declaratory judgments that they had suffered such losses,
15 | damages, pre- and post-judgment interest, and attorney fees and costs. *Id.* at 14.

16 |       In June 2021, Liberty Mutual moved to dismiss under Federal Rule of Civil
17 | Procedure 12(b)(6), arguing that H Lodge had failed to state a claim upon which relief
18 | could be granted because the insurance policy provided no coverage for the stated claims.
19 | Dkt. 21. H Lodge argued that its claims were covered under the insurance policy and that
20 | none of the policy's exclusions applied. Dkt. 32.

21 |       In October 2021, the Ninth Circuit decided a similar case from California,
22 | affirming the district court's decision that the defendant businesses did not suffer "direct

physical loss of or damage to property" and that the loss of business income and extra expense fell within the policy's virus exclusion. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 893–94 (9th Cir. 2021). The Court ordered the parties to file supplemental briefing addressing that case's impact on H Lodge's claims. Dkt. 36. Both parties filed supplemental briefing in November, Liberty Mutual arguing that *Mudpie* supported dismissal, Dkt. 37, and H Lodge arguing that *Mudpie* is distinguishable because it applies California law and the Ninth Circuit's interpretation of the policy was incorrect, Dkt. 38.

In January 2022, the Washington State Supreme Court agreed to hear a direct appeal in *Hill and Stout PLLC v. Mutual of Enumclaw Insurance Co.*, addressing the interpretation of "direct physical loss" and causation. 2021 WL 4189778 (Wash. Sup. Ct. Sept. 9, 2021), *appeal docketed*, No. 100211-4 (Wash. Jan. 5, 2022). H Lodge now moves to stay this case pending the Washington Supreme Court's decision in *Hill and Stout*. Dkt. 39. Liberty Mutual opposes a stay, arguing that the Court has sufficient authority to rule on its motion to dismiss and that this is a straightforward contract interpretation that does not require the input of the Washington Supreme Court. Dkt. 40.

## II.  DISCUSSION

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A stay may be appropriate "pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial,

administrative, or arbitral in character . . . ." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors the granting of a stay. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The Ninth Circuit, however, has cautioned that "if there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Id*. (internal quotation omitted).

H Lodge seeks a stay pending the Washington State Supreme Court's decision in *Hill and Stout* which it claims has "overlapping state questions of law that are directly on point." Dkt. 39 at 1. In that case, the question presented is:

> Whether, in this putative class action lawsuit brought by an insured against its insurer, an insurance policy covering "direct physical loss of or damage to Covered Property" covers the insured's business losses incurred in the wake of the governor's proclamation issued in connection with the COVID-19 pandemic, and whether the insured has raised a question of fact as to whether the losses were predominately caused by the proclamation, not the coronavirus.

Washington Supreme Court, *Cases Not Yet Set & January Term 2022*, at 10 (last updated Jan. 7, 2022).[1] The issue in this case is largely the same, and both parties have repeatedly acknowledged the relevance of *Hill and Stout* to H Lodge's claims. *See* Dkt. 21 at 16 n.7; Dkt. 32 at 19; Dkt. 32-5; Dkt 34 at 9 & n.7, 15; Dkt. 35-16; Dkt. 37 at 9, 11; Dkt. 38 at 8. Liberty Mutual asks the Court to rely on the Superior Court's decision in *Hill and Stout*

---

[1] https://www.courts.wa.gov/appellate_trial_courts/supreme/issues/casesNotSetAndCurrentTerm.pdf.

but in the same breath argues that this Court need not wait for the Washington Supreme Court to issue a decision in that case. Dkt. 40.

Liberty Mutual first argues that this case involves "straightforward questions of contract interpretation" and that the Court has adequate authority with which to decide the case. *Id.* at 4–7. In support it cites to ten decisions from the Western District of Washington, three Ninth Circuit decisions (from cases in California and Arizona), and three Washington state appellate decisions (all of which are unrelated to COVID-19). *Id.* at 4–5. It also mentions that there are "600 decisions from other state and federal courts nationwide" and "17 federal appellate decisions regarding COVID insurance coverage claims" plus insurance treatises and English language dictionaries. *Id.* at 5–6.

The Court recognizes that both state and federal courts across the country have heard numerous cases involving the same or similar questions posed here. Federal courts sitting in diversity jurisdiction apply substantive state law, including state insurance law. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). No Washington state appellate court has yet considered this issue. Without guidance from the Washington Supreme Court, or even from the Washington Court of Appeals, this Court would be left to predict how Washington appeals courts would rule. *See Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967). As a result of the Washington Supreme Court's acceptance of *Hill and Stout*, there is no need for this Court to make a prediction.

Liberty Mutual next argues that other courts in the Western District of Washington and the Ninth Circuit have continued to decide similar cases after *Hill and Stout* was

1 appealed. Dkt. 40 at 8. The Washington Supreme Court accepted the direct appeal in *Hill*
2 *and Stout* on January 5, 2022. 2021 WL 4189778 (Wash. Sup. Ct. Sept. 9, 2021), *appeal*
3 *docketed*, No. 100211-4 (Wash. Jan. 5, 2022). The Western District of Washington
4 decided the cases cited by Liberty Mutual in September 2021. *See* Dkt. 40 at 8 (citing *Hot*
5 *Yoga, Inc. v. Philadelphia Indem. Ins. Co.*, No. 2:21-cv-00174-BJR, 2021 WL 4307072
6 (W.D. Wash. Sept. 22, 2021); *Wellington Athletic Club, LLC v. Allied World Surplus*
7 *Lines Ins. Co.*, No. 2:21-cv-00256-BJR, 2021 WL 4307087 (W.D. Wash. Sept. 22,
8 2021)).

Similarly, the Ninth Circuit denied stays in the two cited cases in November—before there was any guarantee the Washington Supreme Court would hear the case.[2] *See* Order, *Glacial Cryotherapy, LLC v. Evanston Ins. Co.*, No. 21-35505 (Nov. 9, 2021), ECF 21; Order, *Pac. Endodontics, PS v. Ohio Cas. Ins. Co.*, No. 21-35500 (Nov. 9, 2021), ECF 21; *see also* Dkt. 41-1. Indeed, the appellants in both of those cases renewed their motions to stay on January 25, 2022. Motion to Stay, *Glacial Cryotherapy, LLC v. Evanston Ins. Co.*, No. 21-35505 (Jan. 25, 2022), ECF 36; Order, *Pac. Endodontics, PS v. Ohio Casualty Ins. Co.*, No. 21-35500 (Jan. 25, 2022), ECF 42. Further, the Ninth Circuit granted a stay in *Worthy Hotels, Inc. v. Fireman's Fund Insurance Co.*, No. 21-35495 (Jan. 27, 2022), ECF 61, on January 27, 2022. *See also* Dkt. 42-1.

Liberty Mutual also cites to the fact that Judge Rothstein and the Ninth Circuit refused to certify questions to the Washington Supreme Court. Dkt. 40 at 8–10. As noted

---

[2] Notably, the primary request of the parties was for the Ninth Circuit to certify a question to the Washington Supreme Court. The Ninth Circuit has yet to rule on certification.

by Liberty Mutual, decisions to stay and decisions to certify are largely within the court's discretion. *Id.* at 8 (citing, *inter alia*, *Marler v. Aspen Am. Ins. Co.*, No. 2:20-cv-00616-BJR, 2021 WL 1599193, at *3–5 (W.D. Wash. Apr. 23, 2021)). While the Court recognizes Judge Rothstein's reasoning in declining to certify, there is good cause to stay this case.[3] There are pending "independent proceedings which bear upon the case," *Leyva*, 593 F.2d at 863–64, and judicial economy favors a stay.

Finally, Liberty Mutual argues that it would suffer a hardship if the Court granted a stay and that H Lodge has not established it would suffer a hardship if a stay was denied. Dkt. 40 at 10–12. Liberty Mutual argues that the delay invariably caused by a stay works a hardship on it, especially given that it filed this case in March 2021, filed its motion to dismiss in June, and filed supplemental briefing in November. Dkt. 40 at 11. H Lodge argues that the parties will not suffer any damage if the case is stayed and that they may suffer prejudice absent a stay because of the potential for conflicting rulings. Dkt. 39.

---

[3] Liberty Mutual also references Judge Rothstein's statement that "certification can effectively defeat a litigant's constitutionally endorsed entitlement to have its case adjudicated by a federal court rather than a state court, as certification will often effectively empower the state court to determine the outcome." *Marler*, 2021 WL 1599193, at *4 (quoting *Valls v. Allstate Ins. Co.*, 919 F.3d 739, 743 (2d Cir. 2019)). Certainly not every question of state law needs to be certified to the state court, but this case presents a novel question of how to interpret a particular clause of an insurance contract under Washington law given unprecedented governmental decisions during the ongoing pandemic. That is a question for the Washington Supreme Court to decide.

The Court agrees with H Lodge. While a delay in proceedings certainly imposes some hardship on both parties, the hardship that could result from conflicting rulings would be far greater. The Court concludes that H Lodge has shown good cause for a stay.

### III.  ORDER

Therefore, it is hereby **ORDERED** that H Lodge's Motion to Stay, Dkt. 39, is **GRANTED**. The Clerk is directed to remove Defendant Liberty Mutual's motion to dismiss, Dkt. 21, from consideration.

After the Washington Supreme Court has issued its decision, the parties shall meet and confer and submit a joint status report recommending a renoting date for Liberty Mutual's motion to dismiss and dates for supplemental briefing.

Dated this 31st day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge